**Stephanie BABA, Plaintiff—Appellant,**

**v.**

**Michael O. LEAVITT, individually and in his official capacity as the Secretary of the United States Department of Health and Human Services; United States Department of Health & Human Services, an agency of the United States of America, Defendants—Appellees.**

No. 06–16839.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2008.*

Filed May 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Orrin Leigh Grover, Esq., Law Offices of Orrin Grover, Woodburn, OR, for Plaintiff–Appellant.

Steven J. Saltiel, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Defendants–Appellees.

Before: O'SCANNLAIN and HAWKINS, Circuit Judges, and SELNA,** District Judge.

### MEMORANDUM ***

Dr. Stephanie Baba is a California-licensed optometrist who provided services for nursing home patients in 1997. After she sought reimbursement from Medicare, her insurance carrier audited her to ensure that she had properly billed the work she had done. The auditor, Dr. John G. Rosten, had examined a random sample of her patients and found that Baba had submitted improper billing codes, inadequately maintained records, failed to document the medical necessity of some services, and failed to obtain authorization for optometric services from an attending physician in some cases. He concluded that Baba departed from the standard of care, and that her actions constituted unprofessional conduct.

Rosten's report led to concurrent investigations by the California Department of Consumer Affairs, Board of Optometry, and Medicare officials. The Board of Optometry issued an Accusation to Baba, charging her with (1) using "cappers" and "steerers" in violation of Business and Professions Code sections 3090, 3100, and 3103, and (2) obtaining fees by fraud and misrepresentation because she improperly used Current Procedural Terminology (CPT) billing code 99303[1] in seeking re-

---

** The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. In 1997, CPT code 99303 provided that it could be used for:

Evaluation and management of a new or established patient involving a nursing facility assessment at the time of initial admission or readmission to the facility, which requires these three key components:
-a comprehensive history;
-a comprehensive examination; and
-medical decision making of moderate to high complexity.

imbursement for optometric services. The Accusation followed a thorough investigation and report by a Department of Consumer Affairs Senior Investigator. Ultimately, Baba settled the case "for economic reasons" without admitting any wrongdoing. She suffered penalties but retained her license.

A Medicare Hearing Officer investigated Baba and found her liable for $47,377.08. The Officer based her report on evidence offered by Baba's insurance carrier, on Rosten's report, and on Baba's hearing testimony. The Officer concluded:

the evaluation and management services were not medically necessary and reasonable, and were rendered by Dr. Baba out of the scope of her licensure. Because procedure code 99303 represents comprehensive nursing facility assessment usually performed by an attending physician requiring at least a detailed history, a comprehensive physical examination and medical decision making of high complexity, I concur with the Carrier and [Rosten] that this code is not within the scope of practice of an optometrist to perform, and therefore, not payable by Medicare.

After receiving the Officer's decision, Baba requested a hearing before an Administrate Law Judge ("ALJ"). Baba appeared at the hearing without counsel and was the sole witness. The ALJ listened to her testimony, reviewed her evidence, and later upheld the decision of the Hearing Officer.

In her decision, the ALJ explained that Baba had improperly billed her services using the 99303 code, when in fact she had only been performing "routine optometric examinations." By billing under the 99303 code, Baba "billed for and received payment for services which she did not perform and was not licensed or medically qualified to perform as an optometrist under California law."

Additionally, the ALJ reiterated the California Board of Optometry's findings that Baba violated certain state laws regarding cappers and steerers, and concluded that "because the services in question were performed by the appellant in violation of California law, they are excluded from Medicare coverage under section 1861(r)(4) of the Act and HCFA Regulation 42 CFR 410.23." Finally, the ALJ found that Baba's services were excluded from coverage by 42 U.S.C. § 1395y(a)(7) and 42 C.F.R. section 411.15(c) because Baba's consultation notes established that she performed services that were statutorily excluded from payment.

Baba's subsequent appeals were denied by the Medicare Appeals Council and United States District Court for the Northern District of California. She appeals the decision of the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Baba raises a limited number of arguments before this court. She contends:

(1) that 99303 was a proper billing code because it "includes a comprehensive examination by an M.D. or a doctor of optometry";

(2) the confusion surrounding 99303 in 1997 demonstrates that Baba's position was reasonable, and to force her to pay back the money she billed is an unconstitutional violation of due process;

(3) if 99303 was improper, the case should be remanded to determine a proper

Counseling and/or coordination of care with other providers or agencies are provided consistent with the nature of the problem(s) and the patient's and/or family's needs.

The creation of a medical plan of care is required. Physicians typically spend 50 minutes at the bedside and on the patient's facility floor or unit.

level of reimbursement because the services were undisputedly rendered;

(4) the ALJ erred by relying on Rosten's report and the investigative report of the Board of Optometry because those reports fail to meet the standard of 20 C.F.R. § 404.950(e);

(5) the ALJ conflated Rosten's legal conclusions regarding 99303 with his factual findings, substituting Rosten's legal analysis for her own independent efforts.

Even if we were to assume that 99303 can apply to optometrists' examinations of nursing home patients, and that Rosten's report and the Board of Optometry report were somehow improperly admitted, the district court's decision must be affirmed because of Baba's failure to challenge a determinative finding by the ALJ. Specifically, Baba does not contest that her own consultation notes establish she was performing services not covered by Medicare.

Congress has enumerated items and services that are excluded from coverage under Medicare. These exclusions include "eyeglasses ... or eye examinations for the purpose of prescribing, fitting, or changing eyeglasses, [and] procedures performed (during the course of any eye examination) to determine the refractive state of the eyes." 42 U.S.C. § 1395y(a)(7). The ALJ found that Baba's notes clearly describe general eye examinations in which the individual's refractive state is being determined for the purpose of prescribing, fitting or changing eyewear. There is no indication that any new diagnosis is being made or that any specific symptom, complaint or injury is being treated. Although the appellant has contended that the individuals she treated were referred to her by their treating physicians and/or the nursing facilities where they resided, the undersigned emphasizes that these circumstances have no bearing on whether the services provided by the appellant satisfy the relevant criteria for Medicare coverage.

Citing this portion of the ALJ's decision, the district court declined to remand for reimbursement under a separate billing code because Baba "present[ed] no argument that the ALJ's conclusions are not supported by substantial evidence." On appeal, Baba continues to leave the ALJ's conclusions unchallenged, and has therefore waived any attack on them. *See, e.g., Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."). Because this appears to be an independent ground for denying Baba's claim, we affirm the rulings of the district court.

**AFFIRMED.**